Jim HARVEY and R. Rochelle
Burns, Petitioners,

v.

DISTRICT OF COLUMBIA BOARD OF
ELECTIONS AND ETHICS,
Respondent,

Janice Jackson and Luther
Marsh, Intervenors.

Nos. 90–1197, 90–1203.

District of Columbia Court of Appeals.

Argued Oct. 5, 1990.

Decided Oct. 9, 1990.

Rehearing En Banc Denied
Jan. 15, 1991.

Richard E. Messick and Roger S. Ballentine, for petitioner Harvey.

R. Rochelle Burns, pro se.

William H. Lewis, with whom Alice P. McCrory was on the brief, for respondent.

Maurice Joseph, for intervenors.

Before TERRY, STEADMAN, and SCHWELB, Associate Judges.

SCHWELB, Associate Judge:

I

Petitioners Harvey and Burns have asked this court to review a decision of the Board of Elections and Ethics of the District of Columbia (the Board)[1] holding that each had failed to qualify for inclusion on the November 6, 1990 ballot as a candidate for an "at large" seat on the Council of the District of Columbia. The Board ruled that both Harvey and Burns had failed to submit petitions bearing 3,000 valid signatures of qualified electors, as required by D.C. Code § 1–1312(j)(1).[2] Both men presented petitions bearing more than 3,000 signatures but, in response to challenges filed by registered voters supporting one or more other candidates, the Board disqualified a sufficient number of signatures to bring the total below the required 3,000 for each of the petitioners.

Specifically, the Board held that a substantial number of the signatures presented by Burns and a substantial number of those presented by Harvey were disqualified for failure to comply with the Board's Rule 1607.4, 3 DCMR § 1607.4 (1990), which reads as follows:

A signature shall not be counted as valid unless the date signed, the voter's signa-

---

1. As to the scope of our review, *see In re Haworth*, 258 A.2d 447, 448–49 (D.C.1969).

2. All statutory references are to the 1987 version of the District of Columbia Code, except for section 1–1312(j)(1), which appears in the 1990 Supplement.

ture, and the voter's residence address, as listed on the Board's records appear on the petition.

Additional signatures presented by Harvey were disqualified because

[t]he failure of the circulator of a nominating petition or individual petition sheets to be a registered qualified elector shall invalidate the signature of an otherwise registered qualified elector.

3 DCMR § 1607.7 (1990). It appears that one of petitioner Harvey's circulators was no longer a registered voter in the District, although she had previously been registered here.

The parties' briefs were filed in this court on October 2 and 4, 1990, and this court heard extensive oral argument on October 5. We were advised that the ballots must go to the printer on October 10. Accordingly, we must decide the case on an expedited basis. We hold that both of the regulations under which the Board purported to allow the challenges are incompatible with the statute which they were designed to implement. We therefore reverse the Board's decision and hold that both candidates' names are to be placed on the November ballot.

## II

■ D.C.Code § 1–1312(j)(1) provides that a petition is valid if it is signed by 3,000 persons who have been duly registered. Rule 1607.4 provides, however, that a signature shall not be counted as valid unless, among other things, the voter's residence address "as listed on the Board's records" appears on the petition. There can be no doubt that there are registered voters whose addresses on the Board's records differ from the addresses on the petitions, e.g., any person who has moved within the District since signing a

petition and who has notified the Board of his or her new address. Although candidates and circulators of petitions are advised by the Board that they should obtain the registration address of any person signing the petition (presumably to enable the Board to determine readily whether such a person is in fact registered), there are undoubtedly voters who have moved and who are unable to recall when they registered or where they lived at the time, but are nevertheless duly registered. Counsel for the Board conceded at argument that under Rule 1607.4, any such person is disqualified if his or her registration address does not appear on the petition, and that a candidate's proffer of other evidence that such a person is a registered voter would be rejected by the Board as futile.

Under these circumstances, we are compelled to hold that Rule 1607.4 is invalid because it is contrary to the statute, D.C. Code § 1–1312(j)(1). *Tenants of 738 Longfellow Street, N.W. v. District of Columbia Rental Hous. Comm'n*, 575 A.2d 1205, 1213 (D.C.1990). The disqualification of persons who signed petitions for failure to comply with that Rule was therefore contrary to law.

We recognize that a direction to candidates to secure registration addresses of persons who sign nominating petitions is a reasonable means of facilitating the Board's verification process. Rule 1607.4, however, is cast in absolute terms. It precludes a candidate from proving by other means that such persons are in fact duly registered. Accordingly, the challenges based on noncompliance with Rule 1607.4 must be dismissed.[3]

## III

■ There are three different situations in which our election statute provides that

---

**3.** Since the basis for the disqualification of these signatures was Rule 1607.4, which we hold to be invalid, we do not think we are obliged to remand the cases to the Board for further proceedings to determine whether the affected individuals were registered voters. In any event, time constraints preclude an adequate hearing on this issue, and on these particular facts the rights of petitioners Burns and Harvey to

present their candidacies, and of their supporters to vote for them, outweigh the interest of the challengers in keeping these two candidates' names off the ballot. *See, e.g., Bullock v. Carter,* 405 U.S. 134, 143–44, 92 S.Ct. 849, 856, 31 L.Ed.2d 92 (1972); *Reynolds v. Sims,* 377 U.S. 533, 554–55, 84 S.Ct. 1362, 1377–78, 12 L.Ed.2d 506 (1964); *Yick Wo v. Hopkins,* 118 U.S. 356, 370, 6 S.Ct. 1064, 1071, 30 L.Ed. 220 (1886).

only registered voters may circulate petitions. They include candidate nominating petitions, D.C.Code § 1–1312(b)(2), initiative and referendum petitions, § 1–1320(h)(3), and recall petitions, § 1–1321(f)(5). *Cf. Dankman v. District of Columbia Board of Elections & Ethics,* 443 A.2d 507 (D.C. 1981) (en banc). In all three of these contexts, a circulator who is not a registered voter may be criminally prosecuted. §§ 1–1312(b)(3), 1–1318(b)(4).

The portion of the statute relating to initiative and referendum petitions further provides that the Board shall refuse to accept a petition "if [it] was circulated by persons who were not qualified registered electors of the District of Columbia." § 1–1320(h)(3). There is a similar provision for petitions in recall proceedings. § 1–1321(i)(1)(B). No such remedy, however, is provided with respect to nominating petitions. Criminal prosecution is the only statutory sanction when one who is not a registered voter circulates such a petition.

The Council has thus differentiated between the various kinds of proceedings and has created the remedy of invalidation in two instances but withheld it in a third. There is no reason to believe that this was done inadvertently. An agency may not thwart the legislative will by treating as identical situations which the governing statute treats differently. "[A] statute defines the rights of the [parties] and fixes the standard by which such rights are to be measured. The regulation constitutes only a step in the administrative process. It does not, and could not, alter the statute." *Manhattan General Equipment Co. v. Commissioner,* 297 U.S. 129, 135, 56 S.Ct. 397, 400, 80 L.Ed. 528 (1936); *accord, Tenants of 738 Longfellow Street, N.W., supra,* 575 A.2d at 1213.

Accordingly, we hold that Rule 1607.7, which purports to invalidate nominating petitions circulated by an ineligible person, is inconsistent with the statutory scheme. The signatures invalidated pursuant to that Rule must therefore be counted.

## IV

For the foregoing reasons, the orders of the Board are reversed, and each case is remanded with directions to accept the candidate's petition and to include the names of petitioners Burns and Harvey on the November 6, 1990 ballot.

*So ordered.*